FILED

2008 Nov-06  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **LORI WILSON, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-08-S-1401-NW** |
| | ) | |
| **CITY  OF  FLORENCE,** | ) | |
| **ALABAMA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a "Motion of the City of Florence for Disqualification of Plaintiffs' Counsel,"[1] and "Defendant Barbara Hopwood's Motion to Disqualify Counsel for Plaintiffs."[2]

Plaintiffs' attorney, Gregg L. Smith, was ordered to file a consolidated response to these motions by October 2, 2008.  Prior to the expiration of that deadline, however, Mr. Smith filed a motion for additional time to respond to the motions to disqualify, and asked that the deadline to respond be reset to October 9, 2008.[3]  The court granted the request.  Mr. Smith nevertheless failed to file a response by the extended deadline.  Instead, he submitted his consolidated response four days

---

[1] Doc. no. 9.

[2] Doc. no. 11.

[3] *See* doc. no. 14 ("Plaintiffs' Response to Defendant's Motion for Leave") at 2.

later, on October 13, 2008, but without providing either an explanation for, or an acknowledgment of, his violation of this court's scheduling order. "Defendants' Joint Motion to Strike Plaintiffs' Untimely Response to Motions Seeking Disqualification" was brought before the court the following day.[4]  Each motion is addressed below.

## I.  BACKGROUND

Plaintiffs, Lori Wilson and Dewanna Grace, were employed in the Electricity Department for the City of Florence, Alabama ("the City").[5]  At all times relevant to this lawsuit, plaintiffs' immediate supervisor was defendant Barbara Hopwood.[6]  Both plaintiffs, who are females, allege that during their employment with the City defendant Hopwood — who also is a female — treated them less favorably than male employees solely on the basis of their gender.[7]  Plaintiffs also contend that defendant Hopwood verbally and physically abused them, and that the City failed to protect plaintiffs from Hopwood.[8]  Further, plaintiffs allege that their employment situation was so intolerable that it resulted in their constructive discharge.[9]  Plaintiffs assert that their factual allegations against defendants give rise to the following federal and

---

[4] Doc. no. 18.

[5] *See* doc. no. 1 ("Complaint") at 3.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 4-10.

[9] *Id.* at 10.

supplemental state-law claims:  gender-based harassment and retaliation under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., invasion

of privacy, defamation, assault, battery, ratification, and negligent supervision.[10]

## II.  DISCUSSION

### A.     Defendants' Motion to Strike Plaintiffs' Untimely Response to the Motions to Disqualify

Under normal circumstances, a party who files a document after the expiration

of a court-ordered scheduling-deadline would face the sanction of having the

pleading stricken, and the court would give the untimely submission no consideration

whatsoever.  The present case is unusual, however, in that defendants are seeking the

extraordinary relief of disqualification of the very attorney who submitted, out-of-

time, his opposition to the motions to disqualify.  Due to the severe nature of the

relief sought by defendants, the court finds that, in the interests of justice and judicial

economy, the need to review Mr. Smith's response to the motions seeking his

disqualification outweighs any sanction that might be imposed by reason of his

untimely filing of that response.  Accordingly, "Defendants' Joint Motion to Strike

Plaintiffs' Untimely Response to Motions Seeking Disqualification" is DENIED.

### B.     Motions to Disqualify Gregg L. Smith as Counsel for Plaintiffs

Despite defendants' many, persuasive arguments favoring the disqualification

---

[10] *Id.* at 1, 14-16.

of Mr. Smith as plaintiffs' counsel, disposition of the motions requires a discussion of only one point: *Mr. Smith is currently engaged in the impermissible, simultaneous representation of adverse parties*.[11]   This dual representation creates an incurable conflict of interest that precludes Mr. Smith from representing plaintiffs in their dispute against the City.

Mr. Smith is admitted to practice law in this district.  As such, he is bound by the Local Rules of the United States District Court for the Northern District of Alabama, which specify that

> [e]ach attorney who is admitted to the bar of this court or who appears in this court pursuant to subsection (b) or (c) of this Rule is required to be familiar with, and shall be governed by, the Local Rules of this court and, to the extent not inconsistent with the preceding, the Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8(f) thereof. Acts and omissions by any such attorney which violate such standards, individually or in concert with any other persons, shall constitute misconduct, whether or not occurring in the course of an attorney-client relationship, and shall be grounds for discipline, as shall the commission by an attorney of any serious crime. Discipline under this Rule may consist of disbarment, suspension, censure, reprimand, removal from a particular case, ineligibility for appointment as court-appointed counsel, ineligibility to appear under subsections (b) and (c), monetary sanctions, or any other sanction the court may deem appropriate.

---

[11] *Nota bene*: The fact that the court's analysis of the motions to disqualify is limited to this one issue should not be construed as a rejection of the alternative arguments advanced by defendants in support of their request that Mr. Smith be disqualified as plaintiffs' counsel.

N.D. Ala. L.R. 83.1(f).

In keeping with Local Rule 83.1(f), the court turns to the Alabama Rules of Professional Conduct for guidance on the issue of whether an attorney's contemporaneous representation of adverse parties creates a conflict of interest such that the attorney is prohibited from representing either party. Alabama Rule of Professional Conduct 1.7(a) speaks directly to this point, and provides that: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." Ala. R. Prof'l Conduct 1.7(a).

Mr. Smith argues that he did not violate the foregoing rule because he claims to have no longer represented the City when he undertook to act as plaintiffs' counsel in the present action. The factual basis of this argument — that Mr. Smith was not simultaneously representing two clients with adverse interests without their mutual, informed consent — is not supported by the evidence of record. Moreover, Mr. Smith's explanation for his representation of clients with adverse interests is wholly without merit.

It is undisputed that Mr. Smith represented the City for a number of years on a case-by-case basis. One such case, in which he is *presently listed* as the *attorney*

*of record* for the City, is *Gresham v. City of Florence, Alabama*, No. 3:06-cv-01268-WMA — a matter that is on appeal to the United States Court of Appeals for the Eleventh Circuit from a final judgment entered by Judge William Marsh Acker, Jr., a Senior United States District Judge in the Northern District of Alabama.  Mr. Smith posits that, despite the fact that he remains listed as counsel of record for the City in *Gresham*, his obligation to serve as the City's attorney automatically ended upon Judge Acker's entry of a final judgment in that case.  The Local Rules of this district, however, mandate a different conclusion.  Specifically, Local Rule 83.1(e) expressly provides that

> [u]nless disbarred or suspended, attorneys shall be held *at all times* to represent the parties for whom they appear of record in the first instance until, *after formal motion* and notice to such parties and to opposing counsel, *they are permitted by order of court* to withdraw from such representation.

N.D. Ala. L.R. 83.1(e) (emphasis supplied).  As of the date of this Memorandum Opinion and Order, Mr. Smith has neither sought, nor been granted, leave of court to withdraw from his representation of the City in *Gresham.*  While it is true that Mr. Smith does not serve as the City's attorney for the purposes of the appeal of the final judgment entered in *Gresham*, he nevertheless remains listed as the attorney of record for the City insofar as the district court is concerned.  Moreover, as the sole attorney to enter an appearance in *Gresham* on behalf of the City, he is the *only attorney* who

has received, and will continue to receive, service of any pleadings filed or orders entered in that action.  Mr. Smith was served, for example, with the notice of appeal in the *Gresham* case *after* he undertook to represent the plaintiffs in their dispute against the City.  In addition, the evidence before the court indicates that the City has not discharged Mr. Smith as its attorney, and that it has, in fact, steadfastly refused to relieve Mr. Smith from his obligation to continue to represent it in the *Gresham* case for matters that arise in the district court.

Contemporaneous with his role as the City's attorney in the *Gresham* case, Mr. Smith is the attorney of record for plaintiffs in this matter.  This representation was commenced without either the knowledge or express consent of the City, and is being perpetuated by Mr. Smith despite the City's objections.

Mr. Smith posits that, in June 2008 — one month *before* Judge Acker entered a final judgment in *Gresham* — he met with plaintiffs to discuss the possibility of representing them in their dispute with the City, a dispute that forms the basis of the present lawsuit.  Mr. Smith informed plaintiffs that he could not simultaneously represent them and the City until the *Gresham* action was concluded.  According to Mr. Smith, "[t]he two women agreed to wait until that time."[12]  On July 15, 2008, just one day after Judge Acker entered judgment in *Gresham*, "Smith informed Ms.

---

[12] Doc. no. 16 ("Plaintiffs' Response to Defendants' Motion to Disqualify and Request for a Hearing") at 8.

Wilson and Ms. Grace that he could represent them in their claims against the City."[13]

Mr. Smith contends that he informed the City that he would no longer represent it in the *Gresham* matter by means of an email transmitted on July 14, 2008, the very same day Judge Acker entered judgment in *Gresham*.  The email reads, in pertinent part, "I do not see any grounds for an appeal.  However, I have been wrong before.  Hopefully this thing is done.  This decision ending this case concludes my work for the City.  There are no other matters I am working on for the City."[14]  It is critically important to observe that, as mentioned above, Mr. Smith did not seek — and, indeed, he has never sought — permission from Judge Acker to withdraw as the attorney of record for the City in *Gresham*.  Moreover, he did not consult with the City and seek its consent to his representation of the plaintiffs in this action prior to filing suit.

Mr. Smith is mistaken in his belief that providing notice to the City that his "work" for the municipality was concluded served as either an ethically permissible, or a legally viable, termination of his representation of the City in the *Gresham* matter.  Alabama Rule of Professional Conduct 1.16(d) reads as follows:

> Upon termination of representation, a lawyer *shall* take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been

---

[13] *Id.*

[14] Doc. no. 16-8 (email from Gregg Smith to Bill Musgrove sent on July 14, 2008).

earned.  The lawyer may retain papers relating to the client to the extent permitted by other law.

Ala. R. Prof'l Conduct 1.16(d).

The City has presented evidence that it was unaware that Mr. Smith's July 14, 2008 email was intended to serve as notice of his intent to terminate their attorney-client relationship, and the court agrees that the email is not clear that Mr. Smith was withdrawing from his representation of the City in *Gresham*.  Nonetheless, the court finds that Mr. Smith's July 14, 2008 email to the City, and the commencement of his representation of adverse parties the following day — without informing the City and securing its written consent — did not provide the City with the "reasonable" notice to which it was entitled pursuant to Alabama Rule of Professional Conduct 1.16(d).

Also, given that only one day passed between Mr. Smith's purported termination of his representation of the City in *Gresham* and the commencement of his representation of plaintiffs in the present dispute, Mr. Smith did not allow the City adequate time to hire new counsel to represent its interests in *Gresham*.

Finally, the evidence unequivocally establishes that Mr. Smith did not surrender to the City all papers regarding the *Gresham* lawsuit until several weeks after he sought to terminate their attorney-client relationship.  Worse, Mr. Smith did not provide copies of those papers voluntarily.  Instead, he delivered the papers only

9

after being prompted by the City's written demand that he do so, made subsequent to notice of appeal in *Gresham*.

Mr. Smith attempts to justify his actions by contending that, regardless of any conflicts of interest that may exist, he purportedly contacted the Alabama State Bar, and was informed by an employee of that organization that his representation of the plaintiffs in this dispute against the City does not violate the Alabama Rules of Professional Conduct. There is no evidence of record, beyond hearsay statements made by Mr. Smith, as to the scope or substance of any conversation he had about the ethical implications of this matter with an employee of the Alabama State Bar. Moreover, while a written opinion from the Alabama State Bar speaking to the issues presented by the instant motions to disqualify would no doubt be insightful, such an opinion would not be binding on this court, and, in any event, is not in the record. *See Hermann v. GutterGuard, Inc.*, 199 Fed. Appx. 745, 752 (11th Cir. 2006) (noting that "federal common law also governs attorneys' professional conduct"); *In re Employment Discrimination Litigation Against the State of Alabama*, 453 F. Supp. 2d 1323, 1330 (M.D. Ala. 2001) (holding that, "even though [a U.S. District Court] has adopted the ethical rules promulgated by the Alabama State Bar, the court is not bound by state court interpretations of those rules") (citing *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1316 (3d Cir. 1993)). Therefore, Mr. Smith is incorrect to

assume that the alleged blessing imparted by an employee of the Alabama State Bar precludes his disqualification from this case.

### III.  CONCLUSION AND ORDERS

Consistent with the foregoing discussion, the court finds that attorney Gregg L. Smith violated Alabama Rule of Professional Conduct 1.7(a) by simultaneously representing clients whose interests are diametrically adverse to one another without first securing the informed consent of both his present and allegedly former clients. Mr. Smith also did not terminate his representation of the City in *Gresham* in conformity with the requirements of Local Rule 83.1(e) or Alabama Rule of Professional Conduct 1.16(d).

Because Mr. Smith's dual representation of both the City and the plaintiffs in this action unquestionably creates an impermissible conflict of interest, the "Motion of the City of Florence for Disqualification of Plaintiffs' Counsel" is GRANTED, and Gregg L. Smith is DISQUALIFIED from continuing to serve as attorney for the plaintiffs in this action.  Immediately following the entry of this order, the Clerk of Court is directed to remove the name of Gregg L. Smith as counsel of record for plaintiffs.   "Defendant Barbara Hopwood's Motion to Disqualify Counsel for Plaintiffs" is denied as MOOT.

Gregg L. Smith is ORDERED to provide a copy of this Memorandum Opinion

and Order to plaintiffs Lori Wilson and Dewanna Grace not later than 4:30 p.m. CST on November 10, 2008, and to certify to this court, in writing, that plaintiffs have *received and read* this Memorandum Opinion and Order in its entirety.

This action was stayed, pending a resolution of the motions to disqualify.[15] Those motions have now been resolved. In order to allow plaintiffs adequate time, if they so choose, to retain new counsel, the stay will remain in effect until midnight on December 8, 2008. Thereafter, the stay will be deemed to have been lifted, and this action will proceed, regardless of whether plaintiffs have secured legal representation.

The parties shall file, by December 15, 2008, the report of their Federal Rule of Civil Procedure 26(f) planning meeting.

DONE and ORDERED this 6th day of November, 2008.

_____
United States District Judge

---

[15] *See* doc. no. 19 ("Order") at 2.

12